Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HOWARD MARTÍNEZ ZAYAS<br>Parte Apelante<br><br>v.<br><br>CARMEN M. LEÓN ORTIZ<br>Parte Apelada | KLAN202500512 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil Núm.:<br>GM2025RF00158<br><br>Sobre:<br>Relaciones filiales |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece por derecho propio y de manera *pauperis* el Sr. Howard Martínez Zayas (Sr. Martínez Zayas) mediante recurso de apelación y solicita nuestra intervención para que revisemos una *Sentencia* emitida el 28 de abril de 2025, por el Tribunal de Primera Instancia (TPI), Sala de Relaciones de Familia de Guayama. En la primera parte del dictamen, el foro *a quo* dispuso "**nada que proveer**" a la *Moción* que presentó el Sr. Martínez Zayas bajo el número del caso de orden de protección OPA-2023-031456 y en el mismo dictamen "**desestimó la demanda**" por carecer de derechos concedidos[1] en el recurso presentado y por falta de parte indispensable.

---

[1] Estamos ante una confusa redacción y ante la disyuntiva si se trata de la Defensa Afirmativa de la Regla 6.3(i) -Falta de causa- o de la Regla 10.2 (5), -Dejar de exponer una reclamación que justifique la concesión de un remedio- ambas Reglas de las de Procedimiento Civil.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos sin trámite ulterior.

**I.**

Según surge del expediente electrónico del caso de epígrafe en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), el 28 de febrero de 2023, la Sala Municipal de Guayama expidió una orden de protección al amparo de Ley 54 (sobre violencia doméstica) en el caso OPA-2023-031456, en contra del Sr. Martínez Zayas y en protección de la madre de sus hijos, Sra. Carmen L. León Ortiz (Sra. León Ortiz), con una vigencia de dos (2) años. La referida orden de protección adjudicó la custodia provisional de los menores identificados en la orden a la Sra. León Ortiz, y suspendió provisionalmente las relaciones filiales del Sr. Martínez Zayas con sus hijos, hasta tanto una Sala Superior del Tribunal de Primera Instancia dispusiera algo distinto. La orden de protección del caso OPA-2023-031456 venció el 28 de febrero de 2025.

Ante el vencimiento de la aludida orden de protección, el **4 de abril de 2025**, el Sr. Martínez Zayas presentó un escrito titulado *Moción* bajo el número de caso OPA-2023-031456 ante el TPI en la que solicitó que se restablecieran las relaciones filiales, mediante visitas supervisadas en la institución carcelaria en la que se encuentra recluso[2]. La secretaría del foro primario al evaluar lo solicitado en la *Moción* le asignó un nuevo número de caso - GM2025RF00158- y lo refirió a una Sala Superior de Relaciones de Familia.

El **28 de abril de 2025**, notificada al día siguiente, el Honorable Juez Carlos Ortiz Sued dispuso y resolvió mediante

---

[2] En el epígrafe solo aparece el Sr. Martínez Zayas y el asunto es sobre relaciones filiales.

*Sentencia* la *Moción* que presentó el Sr. Martínez Zayas. En la primera parte del referido dictamen, dispuso "nada que proveer" en cuanto a lo relacionado al caso de orden de protección OPA-2023-031456. El tribunal *a quo* manifestó que la orden de protección ya no se encontraba vigente y que las relaciones filiales fueron suspendidas hasta que una Sala Superior del TPI dispusiera algo distinto. Al final de la misma *Sentencia*, con una redacción algo confusa desestimó la demanda, y citamos, **"...por carecer de derechos concedidos en el recurso presentado y por falta de parte indispensable"**. Aprovechó el dictamen e instruyó al Sr. Martínez Zayas a orientarse con un abogado y/o instar ante el tribunal un caso sobre custodia o relaciones filiales contra la madre de los menores.

Inconforme, el **27 de mayo de 2025**, el Sr. Martínez Zayas instó el presente recurso. Alega que el TPI erró al disponer de su solicitud de relaciones filiales "nada que proveer" y desestimar la demanda. Arguye que ello interfiere con su derecho fundamental a relacionarse con sus hijos.

**II.**

**A.**

Las alegaciones son los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas. Su propósito es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes.

Cualquier alegación mediante la cual una parte solicite un remedio - como, por ejemplo, una demanda - incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse. Corresponde a la parte contra la cual se reclama, -o sea, al demandado - presentar una alegación responsiva en la que

admita o niegue las aseveraciones en que descanse la parte contraria. Además de negar o admitir las alegaciones, dicho demandado deberá incluir en su contestación sus defensas contra cada reclamación interpuesta, junto con una relación de hechos demostrativos de que le asisten tales defensas.

Entre las defensas que un demandado puede plantear, se encuentran las defensas afirmativas. Mediante una defensa afirmativa, la parte a quien concierne responder una alegación afirma hechos que, "de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueron aceptadas como correctas". Es decir, las defensas afirmativas son aquellas que principalmente comprenden materia de naturaleza sustantiva o materia constitutiva de excusa por la cual el demandado no deba responder a las reclamaciones presentadas en su contra.

La Regla 6.3 de Procedimiento Civil[3], enumera las defensas afirmativas y prescribe las consecuencias de no invocarlas oportunamente, se entenderán renunciadas.

De igual modo, la Regla 10.2 de las de Procedimiento Civil[4] reconoce las defensas de hecho y derecho contra una reclamación. Estas solo pueden ser levantadas por las partes. La Regla 10.2, *supra*, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 213 DPR 523 (2024); *Eagle Security v. Efrón Dorado, et al.*, 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra,* enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2)

---

[3] 32 LPRA Ap. V, R. 6.3
[4] 32 LPRA Ap. V, R. 10.2

falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, supra; *Díaz Vázquez y otros v. Colón Peña y otros*, 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro,* 2024 TSPR 93, resuelto el 20 de agosto de 2024.

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Díaz Vázquez y otros v. Colón Peña y otros, supra*; *Blassino Alvarado y otro v. Reyes Blassino y otro, supra.* Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor.

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, supra, va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros, supra.*

Finalmente, el Tribunal Supremo expresamente ha advertido que "nuestro sistema de derecho es rogado, por tal razón, exceptuando la defensa sobre falta de jurisdicción sobre la materia, los tribunales *sua sponte* no pueden levantar defensas afirmativas a las que han renunciado las partes. Es decir, el tribunal no puede

actuar como abogado del demandado". *Álamo v. Supermercado Grande,* 158 DPR 93 (2002); *Presidential v. Transcaribe* 186 DPR 263 (2012)

**B.**

La Regla 16.1 de Procedimiento Civil establece que las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. 32 LPRA Ap. V, R. 16.1. Parte indispensable es aquella de la cual no se puede prescindir, y cuyo interés en la controversia de que trate es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *FCPR v. ELA et al.,* 211 DPR 521, 530-531 (2023). La jurisprudencia ha precisado que la omisión de una parte indispensable, aunque podría ser motivo para desestimar el pleito, no constituye impedimento para que, el tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma. Sobre ese particular, el tratadista Rafael Hernández Colón afirma que antes de desestimar por la falta de una parte indispensable, el tribunal debe concederle al demandante la oportunidad de añadirla al pleito si tiene jurisdicción sobre la misma. R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 4ta ed., San Juan, LexisNexis de Puerto Rico, 2007, pág. 141. En caso de que se le ordene la acumulación y ésta no se lleve a cabo, entonces se debe proceder a la desestimación de la demanda.

**III.**

De umbral reconocemos que el recurso ante nosotros no articula con precisión un error a revisar. Sin embargo, esto no impide nuestra función revisora cuando del contenido de la totalidad del escrito surge claramente una súplica y un remedio. Con nuestra

intervención evitamos un fracaso a la justicia y reconocemos los principios del acceso a la justicia. Recordemos que el acceso a la justicia "es el principal derecho—el más importante de los derechos humanos—en un sistema legal moderno e igualitario que tenga por objeto garantizar, y no simplemente proclamar, los derechos de todos" por lo que requiere un sistema judicial que garantice su ejercicio pleno[5].

En nuestro caso el Sr. Martínez Zayas[6] es una persona lega, por derecho propio y confinado, quien, dentro de sus limitados medios y conocimiento desea hacer valer un derecho elemental, que es relacionarse y compartir con sus hijos. Para alcanzar ese objetivo, preparó un escrito que tituló *Moción*, donde informó a grandes rasgos que superó el asunto de la orden de protección en su contra y que luego de dos años solo deseaba reanudar las relaciones filiales con sus hijos. Lo articulado en el escrito es un reclamo inequívoco, sencillo y directo.

Una vez presentada la *Moción*, la Secretaría del foro primario evaluó prima facie lo solicitado y correctamente le asignó un nuevo número de caso de relaciones de familia -GM2025RF00158- y lo refirió como correspondía a la Sala Superior de Relaciones de Familia, para los trámites de rigor.

Una vez el caso estuvo ante el Honorable Juez y habiendo trascurrido apenas veinticuatro (24) días de radicado el escrito, éste dictó *Sentencia* desestimando la demanda por dos fundamentos: "...por carecer de derechos concedidos en el recurso presentado y por falta de parte indispensable". Es decir, el foro primario *sua sponte*, levantó dos defensas y sin más, desestimó la demanda.

---

[5] "El acceso a la justicia como derecho", en H. Birgin y B. Kohen, Acceso a la justicia como garantía de igualdad. Instituciones, actores y experiencia comparadas, Buenos Aires, Ed. Biblos, 2006, págs. 16–17, según citado en Lozada Sánchez v. JCA, 184 DPR 898, 986–987 (2012). Véase, además, Efrén Rivera Ramos, La igualdad: una visión plural, 69 Rev. Jur. UPR 1 (2000).
[6] El cual autorizamos a litigar ante el Tribunal de Apelaciones en forma *pauperis*.

Resulta pertinente resaltar que este dictamen desestimatorio surgió sin trámite procesal alguno. No se le dio al Sr. Martínez Zayas la oportunidad a que consultara o estuviera representado por abogado, a que enmendara las alegaciones, a que acumulara las partes indispensables y a que cumpliera con los correspondientes tramites de los emplazamientos.

La determinación del foro, que hoy revisamos, resultó en un contrasentido, por un lado el Honorable Juez invita al Sr. Martínez Zayas a radicar una demanda, y por otro lado en la misma *Sentencia* la desestima de plano a pesar de haberla reconocido como una "demanda"[7].

Ante las circunstancias que nos ocupan y para procurar el acceso a la justicia, era deber del juzgador evaluar el escrito de una forma más liberal y favorable y, al menos, darle trámite. Entiéndase que el Honorable Juez, previo a la desestimación y mediante las órdenes necesarias, debió haberle solicitado al Sr. Martínez Zayas que subsanara cualquier deficiencia del escrito, que se asesorara, que acumulara las partes indispensables y que cumpliera con los correspondientes requisitos de los emplazamientos. Ahora bien, si dadas las mismas, estas fueran incumplidas por el Sr. Martínez Zayas, luego de realizados los correspondientes apercibimientos conforme las Reglas de Procedimiento Civil, entonces si pudiera proceder la desestimación conforme a derecho. Otro posible escenario de desestimación sería el contemplado en la Regla 4.3 (c) de las de Procedimiento Civil, ante el vencimiento de los términos para los emplazamientos.

Estamos convencidos que la súplica del Sr. Martínez Zayas es clara, sencilla y válida. Este solo desea comenzar los trámites para restablecer las relaciones filiales con sus hijos. Para ese objetivo se

---

[7] Citamos de la Sentencia del 28 de abril de 2025. "…se desestima la demanda por carecer de derechos…"

sometió al foro primario, para que se realizaran los procesos correspondientes ante la Sala Superior de Relaciones de Familia.

En conclusión, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679, 686-687 (1987). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *SLG Sierra v. Rodríguez,* 163 DPR 738, 746 (2005).

En mérito de lo anterior, **revocamos** el dictamen impugnado.

**IV.**

Por los fundamentos que anteceden, **revocamos** la Sentencia dictada del 28 de abril de 2025. Se devuelve el caso ante la Sala Superior, Sala de Relaciones de Familia, para que atienda la *Moción* del 4 de abril de 2025, como una demanda en solicitud de relaciones filiales. Lo antes determinado, no impide que el foro primario mediante *Orden* le requiera al Sr. Martínez Zayas que consulte o esté representado por abogado, enmiende las alegaciones, acumule partes indispensables y realice los correspondientes emplazamientos. El incumplimiento del Sr. Martínez Zayas, con lo que en su día pudiera ordenar el TPI, podría conllevar la desestimación conforme a las Reglas de Procedimiento Civil.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones